**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JORDAN VARGAS, | ) | |
| | ) | No. 16-CV- |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge |
| | ) | |
| CITY OF CHICAGO, a municipal corporation, | ) | |
| MIKE GREMO, STACEY COLLINS, | ) | |
| JUDE DIMALANTA, PAUL WHITE, | ) | |
| JOHN RODRIGUEZ, MELISSA LEHRMANN, | ) | |
| RONALD PELLONARI; ALFREDO SILVA, | ) | |
| and others not presently known to Plaintiff, | ) | Jury Demanded |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the plaintiff Jordan Vargas, by his attorneys, Mark F. Smolens, Richard R. Mottweiler, and Nicole L. Barkowski, Mottweiler & Smolens, LLP, and as his Complaint against the defendants, states the following:

1.      This action seeks damages under federal law, Title 42 U.S.C. §1983, for defendants' actions of January 25, 2015 which violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

2.      The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. Sections 1331 and 1343. Venue in this District is predicated upon Title 28 U.S.C. Section 1391(b) as all events giving rise to the claims asserted herein took place within this Northern District of Illinois.

3.      At all times material hereto, the plaintiff, Jordan Vargas, was a resident of the City of Chicago, County of Cook, State of Illinois, in this District, and entitled to be

1

free from unlawful search and seizure, and the malicious conduct of police officers employed by the municipal defendant.

4.      At all times material hereto defendant Mike Gremo, star number 10450 (hereinafter "Gremo"), was a sworn law enforcement officer employed by the City of Chicago. At all times material hereto defendant Gremo was acting under color of state law and within the scope of his employment with the City of Chicago. Gremo is sued individually.

5.      At all times material hereto defendant Officer Stacey Collins, star number 17448 (hereinafter "Collins"), was a sworn law enforcement officer employed by the City of Chicago. At all times material hereto defendant Collins was acting under color of state law and within the scope of her employment with the City of Chicago. Collins is sued individually.

6.      At all times material hereto defendant Officer Jude Dimalanta, star number 17266 (hereinafter "Dimalanta"), was a sworn law enforcement officer employed by the City of Chicago. At all times material hereto defendant Horn was acting under color of state law and within the scope of his/her employment with the City of Chicago. Dimalanta is sued individually.

7.      At all times material hereto defendant Officer Paul White, star number 15067 (hereinafter "White"), was a sworn law enforcement officer employed by the City of Chicago. At all times material hereto defendant Horn was acting under color of state law and within the scope of his employment with the City of Chicago. White is sued individually.

2

8.     At all times material hereto defendant Officer Melissa Lehrmann, star number 9515 (hereinafter "Lehrmann"), was a sworn law enforcement officer employed by the City of Chicago. At all times material hereto defendant Lehrmann was acting under color of state law and within the scope of his employment with the City of Chicago. Lehrmann is sued individually.

9.     At all times material hereto defendant Officer Ronald Pellonari, star number 979 (hereinafter "Pellonari"), was a sworn law enforcement officer employed by the City of Chicago. At all times material hereto defendant Pellonari was acting under color of state law and within the scope of his employment with the City of Chicago. Pellonari is sued individually.

10.     At all times material hereto defendant Officer Alfredo Silva, star number 12458 (hereinafter "Silva"), was a sworn law enforcement officer employed by the City of Chicago. At all times material hereto defendant Silva was acting under color of state law and within the scope of his employment with the City of Chicago. Silva is sued individually.

11.     The City of Chicago is a municipal corporation and body politic located in Cook County, Illinois. At all relevant times hereto, City of Chicago was the employer of defendants and other police officers involved in varying degrees in the events at issue.

12.     Other individuals not presently known to the plaintiffs were, at all relevant times to this complaint, duly appointed police officers of the City of Chicago, Illinois. At all times material to this Complaint, these presently unknown defendants acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State of

3

Illinois, City of Chicago, and the Chicago Police Department.

13.     Plaintiff sues all of the individually named defendant police officers in their

individual capacities.

## Common Facts

14.     On January 25, 2015, plaintiff Jordan Vargas was a passenger in a

vehicle traveling in the area of 5123 W. Agatite Avenue in the City of Chicago.

15.     Defendant officers drove up in their police vehicles and cut off the vehicle

plaintiff was travelling in.

16.     Plaintiff was then subjected to unnecessary and unreasonable force in

that defendant officers exited their police vehicles and pulled plaintiff out of the vehicle

in which he was a passenger.

17.     Defendants then threw plaintiff to the ground, slamming his face into the

pavement resulting in a bloody nose.

18.     Plaintiff was taken into police custody and charged with criminal trespass

to vehicle and obstructing a police officer even though he had done nothing to obstruct

the officers.

19.     Plaintiff was transported to the hospital, and treated for the injuries he

received.

20.     By reason of the above-described acts and omissions of the defendant

police officers, plaintiff sustained injuries, humiliation, and indignities, and suffered great

mental and emotional pain and suffering, all to his damage.

21.     The aforementioned acts of the defendant police officers were willful,

4

wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs' rights and justify the awarding of exemplary and punitive damages.

22.     By reason of the above-described acts and omissions of the individual defendants, plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to them in the within action, so that he might vindicate the loss and impairment of his rights. By reason thereof, plaintiffs request payment by defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

### Count I - Fourth Amendment (§ 1983 claims)
### <u>Against Individual Defendants</u>

23.     Plaintiff adopts and re-allege the allegations of paragraphs one through twenty-two above, as and for the allegations of this paragraph twenty-three.

24.     At all times relevant hereto, plaintiff had the right to be free from unreasonable seizures and   excessive force from state actors such as defendants, as protected by the Fourth and Fourteenth Amendments to the Constitution of the United States.

25.     As described above, Defendants Gremo, Collins, Dimalanta, White, Rodriguez, Lehrmann, Pellonari, and Silva violated plaintiff's right to be free from unreasonable seizures and excessive force with their concerted unlawful and malicious physical abuse in the manner in which they seized plaintiff and that they pulled plaintiff from the vehicle, threw him to the ground, and slammed his face off the pavement.

26.     Upon information and belief, one or more of the defendant officers were

5

present and had a reasonable opportunity to prevent the harm done to Jordan Vargas, and should have intervened to prevent the individual officer's unjustified and excessive use of force.

27.     As a result of their failure to intervene, Jordan Vargas suffered pain and injury, as well as severe emotional distress.

28.     As a result of their concerted unlawful and malicious physical abuse of Jordan Vargas, defendants Gremo, Collins, Dimalanta, White, Rodriguez, Lehrmann, Pellonari, and Silva intentionally, or with deliberate indifference and callous disregard of plaintiffs' rights, deprived him of his right to be free from unreasonable seizures and excessive force in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983.

29.     The misconduct described in this count was objectively unreasonable and was undertaken intentionally with willful deliberate indifference to Jordan Vargas' constitutional rights.

30.     The misconduct described was undertaken with malice, willfulness, and reckless indifference to the rights of others.

31.     These actions by the defendants proximately caused plaintiffs to suffer physical injuries, pain, humiliation, and emotional trauma and suffering.

6

WHEREFORE, plaintiff respectfully request that judgment be entered in his favor, compensatory and punitive damages be awarded in an amount to be determined by the jury, plus an award to the plaintiff pursuant to Title 28 U.S.C. § 1988 for attorney's fees and costs, in addition to any other relief from this Court deemed just and proper.

Respectfully Submitted,

/s/ Mark F. Smolens
One of the attorneys for plaintiff

MARK F. SMOLENS #6190482
MOTTWEILER & SMOLENS, LLP
1627 West Colonial Parkway
Suite 301
Inverness, IL 60067
773 - 580-4982
ryansmolensjones@hotmail.com